UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| Macushla Baumann,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Revenue Enterprises, LLC;<br><br>and John Does 1-25;<br><br>Defendants. | Case No.: 1:21-cv-1146<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Macushla Baumann brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against defendant Revenue Enterprises, LLC ("Revenue"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concludes that "existing laws…are inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Colorado consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Colorado, County of Garfield.

8. Defendant Revenue is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process at 3131 S. Vaughn Way, #500, Aurora, CO 80014.

9. Upon information and belief, Defendant Revenue is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendant whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Colorado;

    b. to whom Defendant Revenue sent an initial letter;

    c. attempting to collect a consumer debt;

    d. in two sub-classes where the letter

        1. states in substance:

            Unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If written dispute is made within 30 days, then we will obtain verification of the debt or copy of judgment which we will mail to you, and if so requested, the name and address of the original creditor, if different from the current creditor.

        or;

        2. states that the name of the current creditor is on the "next page" although the name of the current creditor is not on the next page; and

    e. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the defendant and all officers, members, partners, managers, directors and employees of the defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to November 3, 2020, Plaintiff allegedly incurred an obligation to non-party Valley View Hospital.

22. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically medical services.

23. The alleged Valley view Hospital obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Revenue is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, Valley View Hospital contracted with Defendant Revenue to collect the alleged debt.

26. Defendant Revenue collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation - November 3, 2020 Collection Letter*

27. On or about November 3, 2020, Defendant Revenue sent Plaintiff a collection letter regarding the alleged debt, originally owed to Valley View hospital. See Letter attached as Exhibit A.

28. The Letter seemingly includes the notices required by 15 U.S.C. 1692g.

29. However, the notices are not compliant with the statute.

30. The Letter states in relevant part:

> Unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If written dispute is made within 30 days, then we will obtain verification of the debt or

> copy of judgment which we will mail to you, and if so requested, the name and address of the original creditor, if different from the current creditor.

(hereafter "Faulty Notice").

31. Defendant's letter includes a misleading version of the Section 1692g notices.

32. Defendant's notice did not conform to Section 1692g.

33. First, The Faulty Notice's first sentence refers to a "debt collector".

34. Yet, the following sentence refers to "we", instead.

35. The contrasting terms renders the notice misleading and confusing.

36. In light of the contrasting terms, Plaintiff is confused as to whom the "we" refers if not Defendant, or alternatively to whom the term "debt collector" refers if not Defendant.

37. In addition, the Faulty Notice states "if a written dispute is made within 30 days" without a timeline for when the "30 days" begin.

38. The statute requires the notice to state "within thirty days after receipt of the notice".

39. Plaintiff was unaware how much time she had to dispute the debt.

40. The Letter could imply that Plaintiff had thirty days from when she sends in her dispute or thirty days from the date of the letter.

41. Both of these implications are incorrect.

42. The statute only provides for thirty days "after receipt of the notice".

43. This part of the Faulty Notice improperly truncated Plaintiff's time for disputing the debt or falsely appeared to extend it.

44. Upon information and belief, Defendant would not honor a dispute sent more than thirty days after receipt of this letter by Plaintiff.

45. More importantly, Defendant would be under no legal obligation to do so.

46. The Letter is therefore false, misleading, and deceptive.

47. 15 U.S.C. § 1692g requires a debt collector, in its initial communication, to include:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48. However, the Faulty Notice here does not state this.

49. The Faulty notice includes the statement, "If written dispute is made within 30 days, then we will obtain verification of the debt or copy of judgment which we will mail to you, and if so requested, the name and address of the original creditor, if different from the current creditor."

50. The Faulty Notice merged the sub-section (4) and (5) notices into one sentence, separated by a comma, and then inserted the words "and if so requested".

51. The first part of the sentence refers to a dispute but the second half refers to a request.

52. Because no written requirement is mentioned in the second part of the sentence, it appears as if Plaintiff could orally request the name and address of the original creditor.

53. Upon information and belief, Defendant would not honor an oral request for this information.

54. More importantly, Defendant would be under no legal obligation to do so.

55. The Letter is therefore false, misleading, and deceptive.

56. Due to Defendant's actions, Plaintiff was confused and thought verbal and written disputes would present equal rights when, in fact, they did not.

57. In addition, on the page identified as "Page 1 of 4", the Letter states, "This account has been referred to Revenue Enterprises, LLC for collection by your creditors listed on the <u>next page</u>" (emphasis in original).

58. Upon information and belief, the next page, identified as "Page 2 of 4" does not list the creditors for this debt.

59. The only non-government entity listed on "Page 2 of 4" is Revenue Enterprises.

60. Upon information and belief, "Revenue Enterprises" listed on "Page 2 of 4" is the same entity as Defendant "Revenue Enterprises, LLC", listed on "Page 1 of 4".

61. The letter misleadingly implies that Revenue Enterprises is the creditor for this alleged debt.

62. Upon information and belief, the creditor is, in reality, Valley View Hospital.

63. Valley View Hospital is only listed on the page identified as "Page 3 of 4", not "Page 2 of 4" where it should appear as it is the "<u>next page</u>" after "Page 1 of 4".

64. Because of this obfuscation by Defendant, the Letter fails to clearly identify, or at least overshadows, the correct "name of the creditor to whom the debt is owed". 15 U.S.C. §1692g (2).

65. Defendant's actions were false, deceptive, and/or misleading.

66. Plaintiff was concerned and confused by the Letter.

67. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

68. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

69. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

70. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

71. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff

with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

72. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

73. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

74. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

75. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

76. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

77. Plaintiff repeats the above allegations as if set forth here.

78. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

79. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

80. Defendant violated said section, as described above, by making false and misleading representations in violation of Sections 1692e, 1692e (2), and 1692e (10).

81. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

82. Plaintiff repeats the above allegations as if set forth here.

83. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

84. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

85. Defendant violated this section by unfairly misrepresenting Plaintiff's rights and misleading Plaintiff as to the proper course of action.

86. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

87. Plaintiff repeats the above allegations as if set forth here.

88. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

89. Defendant violated this section by failing to provide the proper notice(s) required by Section 1692g in an initial collection letter.

90. Defendant is therefore liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

91.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Macushla Baumann, individually and on behalf of all others similarly situated, demands judgment from defendant Revenue as follows:

a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b)     Awarding Plaintiff and the Class statutory damages;

c)     Awarding Plaintiff and the Class actual damages;

d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)     Awarding pre-judgment interest and post-judgment interest; and

f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 26, 2021                                        Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*